JUAN F. RIBERAS, demandante y apelante, *v.* BANCO AGRÍCOLA DE AGUADILLA, demandado y apelado.

No. 6136.—*Sometido:* Junio 2, 1933.   *Resuelto:* Julio 22, 1933.

*Pascasio Fajardo,* abogado del apelante; *Juan B. Soto* y *E. González .Mena,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Éste es un caso de daños y perjuicios. Alegó el demandante, en resumen, que llevando cuenta corriente en el banco demandado, libró contra él un cheque a favor de G. M. Accept. por $30, otro a la del Municipio de Aguada por $3.95 y otro a la de P. M. Nieva por $101, y el banco, no obstante tener el demandante depositados fondos suficientes para ello, se negó a pagarlos, negativa que motivó la pérdida del contrato de agencia para la venta de automóviles que el deman-

dante había celebrado con P. M. Nieva y menoscabó su crédito como hombre de negocios en la comunidad, sufriendo doce mil dólares de daños y perjuicios por el primer concepto y dos mil más por el segundo.

Solicitó y obtuvo el demandado la eliminación de ciertos particulares de la demanda, y contestó negando los hechos que le perjudicaban y alegando de modo positivo que si no honró los indicados cheques, se debió a que el demandado no sólo carecía de fondos en el banco si que estaba sobregirado en su cuenta corriente por $224.48.

Fué el pleito a juicio y la corte lo falló en contra del demandante. No conforme éste interpuso el presente recurso de apelación, señalando en su alegato la comisión de seis errores. El primero se refiere a la eliminación de particulares de la demanda, el segundo, el tercero y el cuarto a la apreciación de las pruebas, y el quinto a la no admisión de cierta carta en evidencia. El sexto es el general cometido a juicio del apelante por la corte al dictar sentencia en contra suya imponiéndole el pago de las costas.

Comenzaremos nuestro estudio por los señalamientos dos, tres y cuatro. En su relación del caso y opinión la corte sentenciadora analiza cuidadosamente la prueba practicada y, revelando en sus conclusiones una convicción absoluta, niega crédito a la evidencia aportada por el demandante y lo otorga a la introducida por el demandado. A nuestro juicio actuó a conciencia y de acuerdo con la ley el tribunal sentenciador.

Todo este caso gira alrededor de una equivocación cometida por el empleado del banco demandado encargado de recibir los depósitos al anotar en la libreta del demandante la suma de $277 en vez de la de $55 que fué la que realmente depositó el 21 de diciembre de 1929.

Basándose en el asiento de su libreta como si constituyera una fortaleza inexpugnable, sostiene el demandante y apelante que la corte de distrito estaba obligada a reconocerle su derecho no sólo a los $55 acreditados en los libros del banco

y no en la libreta, si que también a los $277 consignados en la libreta aunque no lo estuvieran en los libros del banco.

■■ No hay duda alguna que tiene una gran fuerza probatoria un asiento hecho por el funcionario autorizado de un banco para hacerlo en la libreta del depositante. Habla por sí mismo y prima facie acredita el depósito. Pero eso no quiere decir que la verdad de la imposición no pueda ser contradicha y destruída por otra evidencia que merezca entero crédito a la corte, como sucedió en este caso.

Resumiendo la jurisprudencia sobre la materia, dice Corpus Juris:

"El registrar un depósito en la libreta del depositante es una admisión de la existencia de una deuda a favor de éste por parte del banco y de un contrato de devolver el dinero al depositante o a su orden; . . . Antiguamente si el funcionario de un banco registraba un depósito en la libreta de depósito al momento de efectuarse éste, el asiento era original y obligatorio para el banco; . . . Sin embargo, la regla al presente es que los derechos de las partes no son fijados o modificados por los asientos hechos en la libreta de depósito o por la liquidación de la misma, sino que en todos los casos la cuenta está sujeta a ser examinada y corregida, aunque un depositante está obligado a tener conocimiento de los asientos hechos en su libreta al tomarse balance en la misma, y a notificar cualquier error que en ella encuentre sin irrazonable demora. Empero, una libreta de depósito es prueba prima facie de los asientos en ella contenidos, aunque no concluyente." 7 C. J. 637, 638.

Tanto la relación del caso del juez sentenciador como los alegatos de las partes son extensísimos y muy extensa resultaría también nuestra opinión si entráramos en el análisis detallado de la evidencia de una y otra parte.

Bastará decir que las declaraciones del demandante y de su hermano Ismael analizadas en sí mismas llevan la duda al ánimo del juzgador. Hay un *deposit slip* por $55 hecho por el propio demandante en diciembre 21, 1929, que reconoce como el verdadero y único el banco. Como no figura en la libreta el depósito a que se refiere, dijo el demandante que no la llevó cuando lo hizo porque la tenía su hermano

Ismael. Sin embargo, la libreta, según Ismael, estaba en el escritorio de ambos. Ismael asegura que su hermano le entregó y que él depositó a nombre de su hermano el mismo día 21 de diciembre los $277 que aparecen acreditados en la libreta y no en los libros del banco, entregándolos al receptor pagador Arturo Milán, sin que nada le dijera su hermano con respecto al otro depósito. El demandante tenía un pequeño negocio en relación con automóviles en Aguadilla. Dijo que llevaba sus cuentas de memoria y así no pudo acreditar por escrito la procedencia de los $277. Ni siquiera de memoria pudo indicar su origen en alguna forma más o menos específica susceptible de comprobación.

Frente al testimonio de Ismael Riberas está el del receptor pagador del banco Arturo Milán que asegura que Ismael no le entregó la cantidad indicada, siendo la suma de $55 el único depósito hecho en la cuenta del demandante el referido día, habiendo anotado en la libreta $277 en vez de $55 seguramente por error. Aseguró que llevaba nota separada de todos los depósitos que liquidaba cada día; que se conservaban los ''slip-deposits'' para la liquidación final de cada cuenta, y que de haberse depositado los $277 necesariamente se hubiera advertido al liquidar los depósitos del día y al revisarse luego las hojas de depósitos.

La declaración de Milán está corroborada por la del director gerente y cajero del banco Añeses que dijo que está obligado a asistir todas las tardes y asistió en la de la fecha de que se trata al cuadro de las operaciones del banco; que ese día no se hizo depósito alguno de $277, ni sobró dinero, ni hubo dificultad en el arqueo. También por la del subgerente Badillo.

Hay además otra circunstancia que tuvo necesariamente que inclinar el ánimo del juzgador en contra del demandante, y es la de que por varios meses consecutivos estuvo el demandante recibiendo las cuentas que al fin de cada mes acostumbraba rendirle el banco sin que en ninguna de ellas figurara el alegado depósito de $277, permitiendo que así per-

manecieran. Trató el demandante de probar sus gestiones personales cerca del banco, pero la corte no creyó su declaración. La referencia que hizo al Sr. E. González Mena sobre este extremo no pudo ser más desgraciada, pues llamado a declarar González Mena dijo que fué a fines de julio de 1930, o sea después de haberse negado el banco a pagar los cheques de que se trata, que vió al demandante hablando con el subgerente Sr. Badillo y no antes.

"Ha sido también resuelto," se dice en 7 Corpus Juris 639, "que la preparación de una libreta de depósito y la eliminación de un saldo y la devolución de éste con los cheques constituye una cuenta liquidada (*account rendered*), y que a menos que el depositante presente objeción a la misma dentro de un período razonable de tiempo, queda por ella obligado, y esa cuenta puede ser abierta para ser examinada y reinstalada solamente cuando ha habido fraude."

La jurisprudencia citada en el texto se funda en el caso de *McKeen* v. *Boatmen's Bank,* 74 Mo. A. 281. Va a nuestro juicio demasiado lejos al exigir la prueba de fraude, pero aun la que se cita en la nota 67 como contraria al texto revela la fuerza de la cuenta que se rinde. Nos referimos al caso de *Critten* v. *Chemical Nat. Bank,* 60 App. Div. 241, 70 N.Y.S. 246, en el que se decidió que "aunque la devolución de la cuenta con los comprobantes equivale a una cuenta liquidada (*account stated*) esto sólo impone al demandante la obligación de probar que ha habido equivocación o error."

Y aquí el depositante nada hizo. Consideró que tenía bastante con su libreta. Pero al querer aprovecharse de la verdad aparente que de ella surgía, solicitando la ayuda de la corte, ésta fijó la verdad real, a virtud de la plena luz que se hizo en el caso por la prueba del demandado, y negó la ayuda, condenando en costas al depositante. Hizo justicia.

No obstante ser ello innecesario, siguió la corte de distrito considerando en su relación del caso y opinión la evidencia en relación con los daños y perjuicios alegados, concluyendo que no se habían probado. Si para algo sirve la

prueba aportada por el demandante sobre ese extremo, es para convencerse el juzgador de lo correcto de la conclusión a que antes llegara en cuanto a la no existencia del depósito de $277.

El error referente a la eliminación no existe. Lo eliminado fué materia redundante o meras conclusiones de ley. Surge así claro de la resolución fundada de la corte de distrito.

■ La carta cuya admisión fué negada guardaba relación con los daños y perjuicios. A éstos no se podía llegar sin antes demostrar la verdad del depósito. No se demostró y el señalamiento no debe ser considerado.

El último error, o sea el sexto, no existe. La sentencia dictada, como ya sabemos, fué la justa y procedente, *y debe confirmarse*.